UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:25-cv-12722 |
| v. | ) |
| | ) |
| | ) Judge: |
| **MADISON REAL ESTATE, LLC**, A | ) |
| Michigan limited liability company. | ) |
| | ) |
| Defendant. | |

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Madison Real Estate, LLC, a Michigan limited liability company for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. §

1

1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4. Plaintiff, LELAND FOSTER ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Madison Real Estate, LLC operates and owns an American Inn & Suites Waterford located at 7076 Highland Rd., Waterford Twp., MI 48327 in Oakland County. Plaintiff has patronized Defendant's hotel and business

previously as a place of public accommodation.

6. The hotel owned and operated by the Defendant was originally built by the Defendant or its predecessor in interest commencing in 1991 and granted permits for occupancy in 1993 as well as underwent extensive renovation and alteration by the Defendant (or its predecessor) in 2019 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Based upon occupancy and renovation dates, full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. The facilities owned and operated by Madison Real Estate, LLC are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

8. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also

as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community in Southeast Michigan. Leland Foster travels to the area to participate in adaptive sporting, in particular with the tremendous programs put on by Oakland County Parks and by the local adaptive adventure group, Wheels in Motion. On this occasion Mr. Foster was in Clarkston, MI for Adaptive Boating Disability Day.  has been an overnight guest at the property that forms the basis of this lawsuit.

10. Mr. Foster has been an overnight guest at the property that forms the basis of this lawsuit. During the Plaintiff's stay, and most recently on the night of July 25-26, 2024, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

11. The discriminatory violations described in Paragraph 16 by Defendant Madison Real Estate, LLC are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with

the Americans with Disabilities Act creating barriers to access for people with disabilities. The plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

12. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and

services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

14. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

15. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of American Inn & Suites Waterford, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

<u>Parking and Accessible Routes</u>

   A. The passenger loading zone lacks a marked access aisle, in violation of the ADA and Section 503 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

   B. Some designated parking access aisles do not lead to an accessible route due to the presence of curbs, in violation of the ADA and section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly

 required or, at minimum, readily achievable.

C. There are cracks and changes in level on the designated accessible parking surfaces, in violation of the ADA section 502.4 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is readily achievable.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

D. Designated accessible parking spaces lack required signage, in violation of the ADA and Section 502.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

E. There are no designated van accessible parking spaces, in violation of the ADA and Sections 208.2.4 and 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

Access to Goods and Services

F. The swimming pool does not have an accessible means of entry whereas two are required with one being an adaptive swimming pool lift complying with 1009.2, in violation of the ADA and section 242.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

G. At the front desk, the registration counter exceeds 36 inches and there is no lower transaction counter provided, in violation of the ADA section 904.4 of the 2010 Standards and 1991 ADAAG section: 7.2(1), whose remedy is strictly required or at minimum is readily achievable.

Public Restrooms

H. Signage on the restrooms lacks the international symbol of accessibility, is located in excess of required height and not on the latch side of the door, in violation of the ADA and section 216.8 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

I. The men's restroom accessible toilet compartment lacks required clear floor space around the water closet, in violation of the ADA and section 604.3.1

7

of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

J. The men's restroom toilet compartment door lacks door pulls on both sides, requires tight grasping or twisting to operate, and does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

K. The men's restroom toilet compartment grab bars are non-compliant, in violation of the ADA and section 604.5 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

L. Men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and Section 606.5 of the 2010 Standard and 4.19.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

M. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

Guest Rooms Generally

N. There is not the required number of designated accessible guestrooms with mobility features, and there are no guestrooms with roll-in shower, whereas for a hotel with 111 total guest rooms, five mobility accessible rooms without roll-in showers are required and two with roll-in showers are required, totaling seven (7) guest rooms with mobility features, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

O. The designated accessible guestrooms are not disbursed among the varied types, prices and classes of lodging options of guestrooms, including various types of suites, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

P.  The hotel's other mobility designated accessible guestrooms fitted with a bathtub (or other type) have similar violations of the ADA and its implementing regulations as noted in guestroom #120 as well as other barriers, the removal of which is strictly required and or is at minimum readily achievable.  Further inspection of these rooms is required.

Designated Mobility Accessible Guestroom #120

Q.  Room signage lacks the international symbol of accessibility designating it as mobility-accessible, in violation of the ADA and section 704.3.2 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required or, at minimum, readily achievable.

R.  The guestroom door lacks required maneuvering clearance at the latch side to exit, in violation of the ADA and Section 404.2.4.1 on the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

S.  Locking hardware for the bathroom room and adjoining room doors require tight grasping or twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

T.  Bathroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and Section 606.5 of the 2010 Standard and 4.19.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

U.  Grab bars inside the bathtub are missing and non-compliant, in violation of the ADA and section 607.4 of the 2010 Standards and 1991 ADAAG section 4.20.4, whose remedy is strictly required or, at minimum, readily achievable.

V.  Faucet controls are not located between the rim and centerline of the bathtub, in violation of the ADA and section 607.5 of the 2010 Standards and 1991 ADAAG section 4.20.5, whose remedy is strictly required or, at minimum, readily achievable.

W. The shower sprayer is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

X. Grab bars around the water closet are not mounted as required, in violation of the ADA and section 604.5 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

Y. The closet bar is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

Z. The curtain adjusters are located above allowable reach range and require tight grasping or twisting to operate, in violation of the ADA and sections 308.2.1 and 309.4 of the 2010 Standards and 1991 ADAAG sections 4.25.3 and 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

AA. There are amenities, including the hair dryer, towel rack, closet rod and shelf, and iron, located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

Policies and Procedures

BB. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA, whose remedy is strictly required or at minimum is readily achievable.

CC. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

17. The discriminatory violations described in Paragraph 16 by Defendant are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires further inspection of the Defendants' place of public accommodation and facilities in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The hotel at issue, as owned and operated by Madison Real Estate, LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods,

services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests

reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT, M.C.L. § 37.1301 *et seq.*

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. Madison Real Estate, LLC operate a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

25. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant's property has been constructed and maintained without regard to the ability of patrons with mobility impairment, such as Mr. Foster specifically, to use its hotel facilities, including the transient lodging guestroom bathroom and bathing facilities, without difficulty and limitations.

26. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this property unless it would be structurally impracticable or at minimum to make such readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

<u>*Counsel for Plaintiff*</u>:

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
obdjr@owendunnlaw.com

And

Brian A. Hizer, Esq. (0075033)*
Law Office of Brian A. Hizer
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
Phone : 419-841-3600
Fax : 419-842-9966
Email: brianahizer@bex.net
 *admitted to the bar for Eastern District of Michigan